JAMES PENDERGAST, Appellant, *v.* THE GLOBE & RUTGERS FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Respondent.

Insurance (marine) — contract — policy insuring vessel " lost or not lost "— insured may recover though vessel be lost before insurance was effected — effect of knowledge of loss by insured — complaint in action to recover on such a policy improperly dismissed where owner immediately attempted to give notice of loss.

1. Under a contract of marine insurance expressly insuring a vessel " lost or not lost," the assured may have a recovery even though the vessel be lost before the contract was entered into and even though he had knowledge of the loss prior to the writing of the policy, provided his agents, negotiating the insurance, had no such knowledge and that he used diligence in communicating the fact of loss to the prospective insurer.

2. The complaint, therefore, in an action to recover upon a contract of marine insurance covering a vessel " lost or not lost," is improperly dismissed, where it appears that plaintiff had chartered the vessel to another who agreed to insure it; that the charterer's agent in another city applied to defendant for insurance and the next day, three hours

after the vessel had sunk, a binder was issued; that the plaintiff did not know the name of the company from which the insurance was to be obtained and that upon being informed of the loss he made several efforts to get into telephone communication with the charterer to ascertain who had the insurance but was unable to reach him.

*Pendergast* v. *Globe & Rutgers Fire Ins. Co.*, 219 App. Div. 864, reversed.

(Argued October 25, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 6, 1927, unanimously affirming a judgment in favor of defendant entered upon a verdict directed by the court.

*Thomas C. Burke* for appellant. The binder was a valid insurance against a prior total loss of the tug *Globe.* (*Hooper* v. *Robinson*, 98 U. S. 528; *Snow* v. *Mercantile Mutual Ins. Co.*, 61 N. Y. 160; *People* v. *Dimick*, 107 N. Y. 13; *General Int. Ins. Co.* v. *Ruggles*, 12 Wheat. [25 U. S.] 408; 1 Phillips on Insurance, §§ 948, 949; *Hallock* v. *Insurance Co.*, 26 N. J. L. 268; 27 N. J. L. 645; *El Dia Ins. Co.* v. *Sinclair*, 228 Fed. Rep. 833.) The plaintiff used due diligence in endeavoring to communicate intelligence of the loss of the tug to the New York office of her charterer. (*Snow* v. *Mercantile Mutual Ins. Co.*, 61 N. Y. 160; *Broad & Lackawanna Realty Co.* v. *Breitung*, 239 N. Y. 154; *Ciaramella* v. *Orr*, 216 App. Div. 247.)

*Robert Kelly Prentice* for respondent. Both plaintiff and his agents for procuring insurance had knowledge that the tug was not an insurable risk before delivery of the binder; hence the acceptance of the binder and the claim thereunder is a fraud. (*Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813; 227 N. Y. 575; *Clark* v. *Ins. Co. of N. A.*, 89 Maine, 26; *Bentley* v. *Columbia Ins. Co.*, 17 N. Y. 421; *Kerr* v. *Milwaukee Mechanics*

*Ins. Co.,* 117 Fed. Rep. 442; *Howard* v. *Albany Ins. Co.,* 3 Den. 301; *People* v. *Dimick,* 107 N. Y. 13; *Gauntlett* v. *Sea Ins. Co.,* 127 Mich. 504; *Mead* v. *Davison,* 3 Ad. & El. 303; 1 Phillips on Insurance [3d ed.], 502; *Merchants Ins. Co.* v. *Paige,* 60 Ill. 448; *Whitaker* v. *Ins. Co.,* 29 Barb. 312; *Clement* v. *Phœnix Ins. Co.,* Fed. Cas. 2881.)

KELLOGG, J.   The plaintiff was the owner of the steam tug *Globe.*   On the 20th day of October, 1924, he chartered the tug to the Waterway Navigation Company through one Guidera, who represented that company at Buffalo, New York, where the plaintiff resided.   The tug was then in inland waters in the vicinity of Buffalo.   Guidera agreed to have the tug covered with marine insurance, and upon the following day assured the plaintiff that the insurance had been placed by the New York office of the navigation company.   In point of fact the insurance had not then been written.   However, on October 23, 1924, the New York office of the company did telephone B. T. Nolan Company, brokers of marine insurance, to place fire and marine insurance upon the tug.   On Friday, October 24th, B. T. Nolan, of that company, applied to the defendant, at its New York office, for insurance.   He was told that he must supply more information than he was able to reveal.   On the following morning, Saturday, October 25, 1924, at about eleven o'clock, Nolan renewed his application at the defendant's office.   After some objection, the defendant issued a binder insuring the tug *Globe,* " lost or not lost " from noon of the previous day, October 24, 1924, for the term of one year, in the sum of $6,000.   Meanwhile, on October 25th, before eight o'clock in the morning, at least three hours before the binder was issued by the defendant, the tug, while tied up at the Terminal Wharf in the Erie Basin at Buffalo, New York, had sunk to the bottom of the basin.   The plaintiff was informed of the loss at about eight o'clock

that morning. He did not know the name of the company in which, according to Guidera, the Waterway Navigation Company had caused the tug to be insured. Between eight o'clock and eleven o'clock that morning the plaintiff made several efforts to get into telephonic communication with the president of the navigation company in New York, to ascertain who had the insurance, but was unable to reach him.

Ordinarily, contracts of insurance are conditioned upon the existence of the subject of insurance at the time the policies are written. (*Mead* v. *Phenix Ins. Co.*, 158 Mass. 124.) It is otherwise of marine insurance when the policy expressly insures a vessel " lost or not lost." (*M'Lanahan* v. *Universal Ins. Co.*, 26 U. S. 170; *Hooper* v. *Robinson*, 98 U. S. 528; *Snow* v. *Mercantile Mutual Ins. Co.*, 61 N. Y. 160.) In such cases the assured may have a recovery even though the vessel be lost before the contract was entered into. (Same cases.) Conversely, the insurer may recover a premium promised, where a vessel insured " lost or not lost " has safely completed the journey against the perils of which it was insured. (*Bradford* v. *Symondson*, L. R. 7 Q. B. D. 456.) Again, there may be recoveries by an insured owner, even if he had knowledge of the loss prior to the writing of the policy, provided the agents negotiating the insurance had no such knowledge. (*M'Lanahan* v. *Universal Ins. Co.; Snow* v. *Mercantile Mutual Ins. Co., supra.*) In the *McLanahan* case the owner was actually on board the vessel when it was lost at sea. A recovery upon " a lost or not lost policy " issued after the loss, through the procurement of an agent ignorant thereof, was there held to be permissible. However, it is incumbent upon the owner in all such cases to use diligence in communicating the fact of loss to the prospective insurer, so that the insurance may not be written, or otherwise the policies will be void because of concealment. (Same cases.)

In this case the plaintiff was not aware that the policy

in question was *about* to be written. He had been informed and believed that insurance had been written before the loss, but was unaware of the name of the insuring company. Under the circumstances shown by the present record there was no call for him to proceed with extreme diligence. He knew of no situation which required information of loss promptly to be given in order that insurance might not be written. As the facts appear, he did all that a reasonably prudent man would have done. He made immediate attempts to telephone the charterer which, according to the plaintiff's advices, had effected the insurance, to learn the name of the insurer, but his efforts were unavailing. Under the circumstances the complaint should not have been dismissed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Cardozo, Ch. J., Pound, Crane, Andrews, Lehman and O'Brien, JJ., concur.

Judgment reversed, etc.