## FORSTER v. INSURANCE CO. OF NORTH AMERICA.

### No. 159.

Circuit Court of Appeals, Second Circuit.

Jan. 12, 1944.

Max Ornstein, of New York City, for appellant.

George S. Brengle and Bigham, Englar, Jones & Houston, all of New York City (Henry J. Bogatko, of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

## PER CURIAM.

■ The policy read: "On merchandise consisting principally of Fur Cuttings," which was almost immediately followed by the phrase: "To cover all shipments made by E. Forster doing business as Parker Fur Co." Being an "open policy," concededly the insured was obliged to advise the insurer of any shipment, as he did in every case. The argument is that because the merchandise insured was to consist "principally of Fur Cuttings," such "declarations" as were for goods not consisting "principally of Fur Cuttings" were never insured, although the insurer accepted the "declaration" and kept the premium. There are two sufficient answers to this. Like every other policy, the language would be interpreted most favorably to the insured; and there cannot be much doubt that, merely as language, it would cover "all shipments made" by the insured. Be that as it may, when the insured delivered a "declaration," which stated the character of the goods, and the insurer accepted it and kept the premium, there could be no doubt that the parties meant that shipment to be covered, whether it conformed to the policy or not. The meaning of such a transaction is obvious; the insured expected coverage and paid for it, and if the insurer did not assent, the plainest dictates of common honesty required him to say so. If the goods did not fall within the description in the policy, a new contract was made. Indeed, a new contract was always made in any event, for the policy did not cover a shipment before it was "declared." No question can arise as to the authority of the insurer's agent to vary the terms of the policy; the retention of the premium was a ratification in each case.

■ The "declaration" preceded actual shipment of the goods in most cases, but those are no different in which the "declaration" followed shipment. The policy covered, "vessel lost or not lost", and the risk attached retroactively; the insurer would have been liable, had the goods been lost before the "declaration" was made. Insurance Company v. Folsom, 18 Wall. 237, 251, 21 L.Ed. 827; Pendergast v. Globe & Rutgers Fire Ins. Co. of City of New York, 246 N.Y. 396, 159 N.E. 183. An exception must be made, however, as to two shipments declared on December 27th, which had already arrived on December 15th. As to these the defendant answers that the plaintiff may not have known of their arrival, but that is most improbable, considering the lapse of nearly two weeks. As this record stands, no risk appears to have ever been assumed. The premiums upon these two shipments were only $15.01, and the plaintiff was entitled to judgment for that amount. If the defendant consents to a judgment for that amount, the judgment will be otherwise affirmed; if not, the judgment must be reversed.

■ Even if the denial of a jury trial was wrong, it was harmless error for

there was no issue of fact to submit to a jury.

Judgment affirmed, if the defendant consents to a judgment against it of $15.01; otherwise judgment reversed. Costs of appeal to the defendant.