Ostroff *v.* Springfield Fire and Marine Insurance Company, Appellant.

Argued October 7, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

212

*Horace Michener Schell,* for appellant.

No argument was made nor brief submitted for appellees.

Opinion by Arnold, J., December 12, 1952:

This appeal is from an order of the court below in an action of assumpsit refusing to enter judgment in favor of the defendant on the pleadings. The order of the court below will be affirmed.

The pleadings disclose that the plaintiff, the American Auto Finance Company, secured a policy of automobile insurance on an automobile owned by Frank DiGrazio, and that this policy was written by the Springfield Fire and Marine Insurance Company. The Finance Company obtained the insurance through its broker, Louis Altman. It had an insurable interest, to wit its encumbrance on the car of DiGrazio: *First National Bank of Glen Campbell v. Burnside National Bank,* 314 Pa. 536, 172 A. 641. The defendant issued the policy in the name of DiGrazio with a loss payable clause to the Finance Company. But since the Finance Company had an insurable interest, it may proceed directly on the policy as if it were the named insured. See *Swoope v. United States Fire Insurance Company,* 87 Pa. Superior Ct. 349.[1] The policy was issued and

---

[1] Allocatur refused by the Supreme Court.

countersigned on August 31, 1944, but was written to cover the subject-matter from August 19, 1944 to August 19, 1945, i.e. it was pre-dated.

The pleadings aver that the policy was applied for on August 24, 1944, and also allege that the full premium was paid to the defendant on August 19, 1944. It appeared that the vehicle thus insured was damaged on August 21, 1944. The Finance Company alleges: "It was the normal course of the [American Auto Finance Company] . . . to place at the end of each·week orders for insurance with Louis Altman, Trenton, New Jersey, [for] all cars financed during the previous week, which course of conduct was well-known to the Defendant. . ."

Altman, on or about August 24, made the request of the defendant that (in accordance with this understanding) the insurance be pre-dated on the 19th day of August, 1944, and at the time of the application for the insurance the Finance Company "had no knowledge . . . of any loss or damage to the aforesaid motor vehicle. . ."

The pleadings further allege: "On or about August 28, 1944, Plaintiff received notice that the aforesaid motor vehicle had been damaged . . . on August 21, 1944 and this report was immediately sent to Louis Altman. A short time thereafter, in the normal course of business, [the policy now in suit]· . . . was delivered to the Plaintiff, countersigned August 11 [31], 1944."

"It is generally held that where at the time of an application for insurance there has been a loss but neither the applicant nor the insurer knew of this fact a recovery may be had on a policy subsequently issued, which was antedated so as to include the time at which the loss occurred": 132 A.L.R. 1325; *Long v. Insurance Co.*, 137 Pa. 335; *Lebanon Mutual Insurance Co. v. Hoover, Hughes & Co.*, 113 Pa. 591. "No legal ob-

stacle prevents parties, . . . if they so desire, from entering into contracts of insurance to protect against loss that may possibly have already occurred. Thus the policy may be valid where, although the loss has already occurred, that fact is unknown to both parties and the terms of the policy cover the loss, as where the policy is antedated and the loss occurred after the date specified."—44 C.J.S. §235 (Page 990). "It is possible for a policy which is pre-dated to cover a loss occurring prior to the signing of the policy, even though there is no 'lost or not lost' clause therein, if an intention to do so appears. Thus, in the absence of fraud or concealment, a policy pre-dated to cover a certain property will cover a prior loss.": Appleman's Insurance Law, Vol. 4, §2291. See also *Barry v. Aetna Insurance Company*, 368 Pa. 183, 81 A. 2d 551.

It will be noted that in the pleadings a discrepancy exists between the date of the application for the insurance on August 24, 1944, and the date that the policy was issued, to wit August 31, 1944. The fact that the policy was pre-dated cannot set at naught the liability for the loss where the knowledge of the loss was acquired subsequent to the application for the policy. The fact that there was a course of dealings between the Finance Company and the defendant-insurer, so that the policy was pre-dated to cover the date on which the Finance Company accepted the loan made to the insured, is evidence in itself that the policy contract was between it and the Insurance Company. The knowledge of DiGrazio as to the damage to the automobile is not the knowledge of the Finance Company. See *Swoope v. United States Fire Insurance Company*, supra.

We are of the opinion that the case is not so clear that judgment should be entered on the pleadings. Findings should be had as to the date of payment of

the premium on this policy, the date of the application by Altman for the insurance, and all the other facts should be ascertained by the trier of those facts before judgment should be entered.

The order of the court below is affirmed.