## Allcorn v. Commonwealth Mutual Fire Insurance Company of Pennsylvania, Appellant.

490

Argued October 8, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, WRIGHT and WOODSIDE, JJ.

*J. Webster Jones,* for appellant.

*Harry A. Rutenberg,* for appellees.

OPINION BY HIRT, J., January 19, 1954:

The plaintiffs are common carriers engaged in commercial hauling. In October 1947 they bought a new "Great Dane 31-foot van semi-trailer" for $3,250 from Chester Mack Sales and Service Inc. They made a down payment of $900 and entered into a bailment lease with the sales company providing for the payment of the remaining purchase price in installments. There was a financing charge amounting to $881.50 which was added to the original cost of $3,250. The credit of the down payment left a balance of $3,231.80 which the plaintiffs agreed to pay, by the terms of the lease, in 23 monthly installments of $150.81 and a final payment slightly higher in amount. After its execution the lessor sales company assigned the lease to Industrial Credit Company. Thereupon the title to the trailer issued in plaintiffs' name was delivered to that finance company with a notation of the encumbrance of the lease endorsed thereon.

On July 14, 1948, the plaintiffs directed one of their driver-employes to make a delivery of goods by means of the above trailer to Federalsburg, Maryland, and thence to Geneva, New York, with instructions then to return the trailer to Wilmington, Delaware. The driver feloniously converted the trailer to his own use and that was the last seen of him. A year or more later the trailer was found in a damaged condition in Salt Lake City, Utah. It was there recovered by Industrial Credit Company and later sold.

For a premium of $872 paid to it, the defendant Commonwealth Mutual Fire Insurance Company of Pennsylvania issued its policy to the plaintiffs insuring them for the period of two years from October 31, 1947 against "Loss of or damage to the Automobile

caused by Larceny, Robbery or Pilferage" within $3,-000, the limit of the liability assumed. The policy contained a loss-payable clause in the following form. "Any loss hereunder is payable, as interest may appear, to the Insured, and Industrial Credit Corp . . . ."

The undisputed evidence is that plaintiffs were not in default when the trailer was taken from them on July 14, 1948; it follows therefore that plaintiffs' monthly payments to Industrial Credit Company up to that date totalled $1,207.64. Since plaintiffs were then deprived of possession of the trailer they paid nothing further on the lease. In this action they sought to recover from the defendant the value of their interest in the trailer at the time of the theft. The total amount of the monthly installments actually paid by plaintiffs together with the initial hand payment of $900 amounted to $2,107.64. Plaintiffs had spent an additional $500 in adapting the trailer for the transportation of frozen foods. Plaintiffs' testimony is undisputed that its value when stolen was $3,400.

On repossessing the damaged trailer in Salt Lake City the finance company was obliged to make necessary repairs which, with the cost of returning the equipment to Chester, Pennsylvania, amounted to $991.54. The amount realized by the finance company on the subsequent sale of the trailer was $2,000. The defendant insurer accordingly was entitled to a credit of the sum of $1,008.46 (the net salvage realized by the finance company) against $3,000, the limit of the policy, reducing the maximum liability of the insurer to $1,-991.54. Accordingly, although plaintiffs' damages exceeded that amount, the jury limited their recovery to $1,991.54, but properly found for the plaintiffs in that amount.

Wholly without merit is the defendant's contention that the limit of its liability in any event is $991.54,

the cost of necessary repairs together with the charges incident to returning the trailer from Salt Lake City to Chester. There is no evidence that the repairs which were made restored the trailer to its undamaged condition at the time of the theft, and the testimony rebuts that inference. Plaintiffs' right of recovery, within the face amount of the policy, was measured by the value of the property at the time of the loss (Cf. *Dubin Paper Co. v. Ins. Co. of N. America,* 361 Pa. 68, 63 A. 2d 85) and not by the cost of repairs made a year or more later.

It is conceded, as it must be, that the circumstances under which the plaintiffs were deprived of the trailer amounts to larceny of the insured's property within the terms of the policy. And as bailee, under the lease with the finance company, plaintiffs had a right of action in their own names, without joining the finance company as a party beneficially interested under the loss payable clause of the policy. *Gardner v. Freystown Mut. Fire Ins.* 350 Pa. 1, 37 A. 2d 535. In a policy insuring the property of a bailee in the bailee's possession, a loss clause in favor of a finance company is no more than the designation of the company as one to whom the loss may be payable as its interest may appear and is not in any sense an assignment of an interest in the policy. *Wharen v. Markle Bk. & T. Co. et al.,* 145 Pa. Superior Ct. 99, 20 A. 2d 885. For the recovery of its loss, the finance company admittedly could have sued the defendant directly under the loss payable clause (*Ostroff v. Springfield F. & M. Ins. Co.,* 172 Pa. Superior Ct. 211, 92 A. 2d 899) or it might have intervened as a party plaintiff in interest, but it was not obliged to do so. It also is unimportant that the defendant did not attempt to interplead the finance company in the action.

The verdict of $1,991.54 reflected the limit of the insurer's total liability as reduced by the salvage realized from the sale of the trailer. For that reason there is no merit in the defendant's contention that plaintiffs are barred from recovery by reason of their default in the payment of installments due the finance company subsequent to the theft of the trailer. The obligation of plaintiffs to their bailor is not involved in this proceeding; that is a matter between them alone. If the verdict in favor of plaintiffs is more than they are entitled to, as against the interest of the finance company in the loss, the liability of the defendant to the plaintiff for the total amount of the verdict is not affected thereby. If the amount of plaintiffs' recovery exceeds their rightful share of the recoverable loss, the plaintiffs in law must be regarded as holding all over and above their own interest in trust for their bailor. *Gardiner v. Freystown Mut. Fire Ins. Co.*, supra; *Insurance Co. v. Updegraff*, 21 Pa. 513, cited with approval in *Dubin Paper Co. v. Ins. Co. of N. America*, supra.

There is nothing in this record affecting the validity of the judgment entered on the verdict.

Judgment affirmed.