## Benchoff v. Western Mutual Fire Insurance Co. (No. 1)

*Swope, Brown & Swope*, for plaintiff.

*Storey, Bailey & Rupp* and *Bulleit & Bulleit*, for defendants.

SHEELY, P. J., June 14, 1954.—Under Pa R. C. P. 2002(*a*) it is required that, except as therein provided,

all actions shall be prosecuted by and in the name of the real party in interest. The insurance policy upon which the present action is based was issued to plaintiff but contains a standard mortgagee clause under which the loss or damage, if any, shall be payable to Littlestown National Bank, mortgagee, as interest may appear. The action was brought in the name of the insured mortgagor alone, and plaintiff's complaint contains no allegations relative to the status of the mortgage. Defendants contend in their preliminary objections in the nature of demurrers to the complaint that the bank is the real party in interest and that the action cannot be maintained by the insured mortgagor.

It is contended that the real party in interest of a given chose in action is the person who can discharge it and can control an action brought to enforce it (Goodrich-Amram, sec. 2002($a$)-3), and that under a standard mortgagee clause the mortgagee may bring an action on the policy in its own name and may recover thereon even though the company had previously paid the mortgagor owner: Ebensburg Bldg. & Loan Assn. v. Westchester Fire Ins. Co., 28 Pa. Superior Ct. 341 (1905). Therefore, it is contended, the insured mortgagor cannot discharge the liability and is not the real party in interest.

Under a simple loss payable clause in an insurance policy, an action may be maintained by either the insured or the person named in the clause. Where a policy of insurance is secured by a bailee to protect the bailors' grain in his warehouse, the bailee may maintain an action thereon in his own name as against the contention that the bailors of the grain are the real parties in interest and should have instituted the action or, at least, should have been brought on the record as the beneficiaries of the trust. It was held that

the case came within the exception to rule 2002($a$), as stated in subsection ($b$)(2), that a plaintiff may sue in his own name where he is the person with whom or in whose name a contract has been made for the benefit of another: Gardner v. Freystown Mutual Fire Insurance Company, 350 Pa. 1 (1944). Where bailees secured a policy of insurance with a clause providing that any loss thereunder was "payable, as interest may appear, to the Insured, and Industrial Credit Corp.", it was held that, as bailees, plaintiffs had a right of action in their own name without joining the finance company as a party beneficially interested under the loss payable clause of the policy: Allcorn v. Commonwealth Mutual Fire Insurance Company of Pennsylvania, 174 Pa. Superior Ct. 489 (1954). In that case the court said: "In a policy insuring the property of a bailee in the bailee's possession, a loss clause in favor of a finance company is no more than the designation of the company as one to whom the loss may be payable as its interest may appear and is not in any sense an assignment of an interest in the policy. . . . For the recovery of its loss, the finance company admittedly could have sued the defendant directly under the loss payable clause . . . or it might have intervened as a party plaintiff in interest, but it was not obliged to do so. It also is unimportant that the defendant did not attempt to interplead the finance company in the action." It is clear that a finance company, named in a loss payable clause, may maintain an action on the policy in its own name as if it were the named insured: Ostroff v. Springfield F. & M. Insurance Company, 172 Pa. Superior Ct. 211 (1952); Swoope v. U. S. Fire Ins. Co., 87 Pa. Superior Ct. 349 (1926).

In the present case we are not dealing with a simple loss payable clause in a policy, but with a standard mortgagee clause. It is settled that a mortgagee clause,

because of its terms, creates in favor of the mortgagee a contract separate, distinct and independent from that constituted between the mortgagor and the insuring company by the other provisions of the policy. The policy is thus, in effect, two contracts, one being between the owner and the company insuring his interests in the property, the other being between the same parties but protecting the interest of the mortgagee: Overholt v. Reliance Ins. Co., 319 Pa. 340, 344 (1935).

As pointed out in Abbottsford B. & L. Assn. v. William Penn Fire Ins. Co., 130 Pa. Superior Ct. 422, 426 (1938), insurance of the interest of the mortgagee against loss by fire may be obtained: (1) By a policy which is procured by and issued to the mortgagee, and which is intended solely as insurance for the interest of the mortgagee, the benefit being payable to the mortgagee and no other; (2) by an assignment to the mortgagee of a policy insuring the owner; (3) under a simple loss payable or open mortgage clause. Where a standard mortgagee clause is used, the policy is a personal contract providing indemnity for loss to an insurable interest; the bank as mortgagee, and the mortgagor owner have separate insurable risks. The use of the standard mortgagee clause makes the policy operate as an insurance of the interest of the mortgagor owner and the mortgagee bank, separately, in which case the bank would benefit the same as if it had taken out a separate policy free from the conditions imposed upon the mortgagor owner.

But, while the use of the mortgagee clause makes the policy, in effect, two contracts, there is actually only one contract which is between the owner and the insurance company, the contract creating rights in two different persons, or insuring two different interests. In Wharen v. Markle Banking & Trust Company, 145 Pa. Superior Ct. 99 (1941), the contract with the mortgagee is referred to as a secondary con-

tract. Since the contract is between the owner and the insurance company, but protecting the interest of the mortgagee, the situation would seem to be within the exception stated in the Pa. R. C. P. 2002(*b*) (2), the owner being the person with whom or in whose name a contract has been made for the benefit of another, and plaintiff could maintain the action in his own name. This view is sustained by the fact that, notwithstanding the existence of the standard mortgagee clause, an action may be based on the policy insuring the owner in which the owner could be legal plaintiff and the bank use-plaintiff: Clarke & Cohen v. Real to Use, 105 Pa. Superior Ct. 102, 113 (1931). Under this form of action the bank would not have the rights secured to it under the mortgagee clause, but the action would be subject to any defense which would be good as against the owner, the mortgagee clause becoming, in effect, a simple loss payable clause.

The insurance company will not be jeopardized by permitting the owner of the property to bring the action in his own name. There are several methods by which it might protect itself against the possibility of a second action on the same policy, and the court always has control of a judgment so as to prevent any injustice. It is further to be noted that in the present case the time within which the mortgagee could bring an action on its separate contract of insurance has expired.

The line of cases referred to herein were not before us when we filed the original opinion in this case on February 20, 1954, and it is for that reason the original opinion was withdrawn.

And now, June 14, 1954, defendant's preliminary objections are overruled and defendants are directed to file answers to plaintiff's complaint within 20 days of this date. An exception to this order is noted on behalf of defendants.