**CANADIAN INDEMNITY COMPANY,**
**Appellant,**

v.

**Leo TACKE, Appellee.**

**No. 15704.**

United States Court of Appeals
Ninth Circuit.

July 3, 1958.

Rehearing Denied Aug. 11, 1958.

Hoffman & Cure, H. B. Hoffman, Orin R. Cure, Great Falls, Mont., for appellant.

William L. Baillie, Emmett C. Angland, Great Falls, Mont., for appellee.

Before DENMAN, POPE and HAMLEY, Circuit Judges.

DENMAN, Circuit Judge.

The appellant, hereafter the Insurer, appeals from a declaratory judgment of the District Court of Montana in a diversity suit holding valid a predated policy of insurance issued by it, insuring Leo Tacke against his liability for personal injury not exceeding $10,000 and property damage not exceeding $5,000. The judgment was solely as to the validity of the policy.

There was a collision between Tacke's Chevrolet and a car containing a Mr. and Mrs. Kissee in which Mrs. Kissee claimed she was injured and for which she brought suit which is pending and not yet tried. Insurer claimed the predated policy was invalid and denied any liability under it for damages recoverable from Tacke by Mrs. Kissee as a result of the collision, thus making an "actual controversy" for the declaratory relief under 28 U.S.C. § 2201.

The collision in which Tacke was involved occurred at about 8:30 or 8:40 a. m. on September 20, 1952. He was unconscious for some time thereafter. There had been prior discussions with Insurer's agent for an auto liability policy but the terms were not fixed until 9 a. m. that day when a verbal agreement with the Insurer's agent was made over the telephone by Mrs. Tacke acting as agent of her husband for insurance coverage pre-dated to 12:01 a. m., September 20, 1952. The making of the agreement at that time is admitted in Insurer's statement of points on appeal. The policy for a year from its predate [1] was mailed to Mrs. Tacke that afternoon.

She testified and it is uncontradicted that she did not know of the collision at

---

1. The policy was later cancelled effective December 21, 1952.

344

the time this telephone call was made. This was corroborated by the testimony of a disinterested witness, Mrs. Dusek, who telephoned Mrs. Tacke between 9:00 and 9:30 a. m. and was the first to advise her of the collision. In the course of the conversation Mrs. Tacke said, "Thank God I renewed our insurance this morning."

■ That a predated agreement creates a liability for an injury existing at the time it is entered into is a matter of settled insurance law. Appleman On Insurance Law, § 2291. In such a case the Supreme Court in United States v. Patryas, 303 U.S. 341, at page 345, 58 S.Ct. 551, at page 554, 82 L.Ed. 883 [2] in holding the United States liable in such a situation stated:

> "No legal obstacle prevents parties, if they so desire, from entering into contracts of insurance to protect against loss that may possibly have already occurred. Marine insurance and ante-dated fire insurance policies frequently afford protection against risks which, unknown to the parties, have already attached."

The District Court's finding of fact holding the policy valid is:

> "5. The policy of insurance referred to herein was and is a valid contract of insurance binding upon the defendant for the period for which the defendant retained the earned premium, that is, from 12:01 A.M., on September 20, 1952, to 12:01 A.M., December 21, 1952, and the defendant is liable and obligated in accordance with the terms of said policy of insurance for the insured period fixed by the defendant, 12:01 A.M., September 20, 1952 to 12:01 A.M., December 21, 1952."

To which Insurer's statement of his points on appeal is:

> "Our appeal is based upon the 'settled rule of Insurance Law that

where a loss, occurring before the risk attaches, is known only to the applicant and he obtains a policy without disclosing the fact of the loss, the policy is void even though the contract be given a date prior to the loss.' (Barry v. Aetna Ins. Co., [368 Pa. 183] 81 A.2d 551.) At least, the prior risk is not covered by the policy."

■ We do not agree that the above statement applies when the insured's agent has no such knowledge. The knowledge of the unconscious Tacke is not imputable to his agent, Mrs. Tacke. The situation here is controlled by the Restatement of the Law of Agency, § 256, comment c:

> "A transaction is not affected by the knowledge of a principal which he cannot communicate to the agent, even though he knows that the agent is acting for him without such knowledge. It is only where the principal consciously or negligently fails to communicate with the agent that his knowledge affects the transaction. This is true whether the knowledge is acquired casually or is the result of a notification given by the other party to the transaction."

> "Illustration:

> "3. P, the owner of a bank having several branches, learns that B has obtained a note from T by false pretenses. P immediately tries to communicate with the different branches, but before he can do so, B has sold and delivered the note to one of them, in which no agent had reason to suspect the existence of any fraud. P is a bona fide purchaser."

The Restatement is supported by the following cases: Pendergast v. Globe & Rutgers Fire Ins. Co., 1927, 246 N.Y. 396, 159 N.E. 183; McLanahan v. Universal Insurance Co., 1828, 1 Pet. 170, 26 U.S. 170, 7 L.Ed. 98; and by analogy

2. Similar are Ostroff v. Springfield Fire & Marine Ins. Co., 172 Pa.Super. 211, 92 A.2d 899; Continental Cas. Co. v. Indus-

trial Comm., 61 Utah 16, 210 P. 127; Orto v. Poggioni, 245 App.Div. 782, 281 N.Y.S. 16.

in El Dia Ins. Co. v. Sinclair, 2 Cir., 1915, 228 F. 833, 840; George A. Moore & Co. v. Eagle Star & British Dominions Ins. Co., D.C.N.D.Cal.1925, 5 F.2d 358; Cornfoot v. Fowke, 6 M. & W. 358 (151 Eng.Rept. 450).

The judgment is affirmed.