**MONROE AUTO EQUIPMENT COMPANY, Plaintiff,**

v.

**HECKETHORN MANUFACTURING AND SUPPLY COMPANY, Defendant.**

**Civ. No. 3791.**

United States District Court
W. D. Tennessee, W. D.

Feb. 11, 1963.

Don K. Harness, Detroit, Mich., Walter Armstrong, Jr., Memphis, Tenn., for plaintiff.

Robert F. Conrad, Washington, D. C., M. Watkins Ewell, Sr., Dyersburg, Tenn., for defendant.

BOYD, Chief Judge.

After trial to this court without the intervention of a jury, plaintiff's demand for a jury having been stricken on motion of the defendant, the court found that the plaintiff could not prevail in its action for infringement of claims under two patents dealing with shock absorbers, nor could it prevail in its claim of unfair competition. The court's disposition of this case is reported in 204 F.Supp. at page 249.

This court found that the claims in suit were invalid as lacking in invention and having been anticipated by an earlier device. These were Claims 2 and 3 of Patent No. 2,896,938, dealing with a shock absorber with rubber sleeve; and Claim 14 of Patent No. 2,912,235, dealing with the positioning of the shock absorbers in a "sea leg" mounting. Further, this court found that these claims were invalid because the particulars of the claims were not disclosed until added by amendment more than a year after the device embodying these particulars was placed on public sale by the plaintiff.

Again, the controversy is before this court, the Court of Appeals upon plaintiff's motion having vacated the aforesaid judgment rendered here remanding the cause for reconsideration in the light of Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44; and Shubin v. United States District Court, 369 U.S. 660, 82 S.Ct. 1035, 8 L.Ed.2d 273. This court's action in striking the plaintiff's demand for jury trial at the first hearing is that which must be reconsidered.

The Supreme Court delivered an opinion in Dairy Queen, supra, but disposed of the Shubin case per curiam, reversing therein the Court of Appeals vacating judgment and remanding that cause for consideration in the light of Dairy Queen.

In the Dairy Queen case owners of a trademark contracted with the petitioner, Dairy Queen, Inc., for the exclusive use of the trademark "Dairy Queen" in certain areas. The owners claimed that Dairy Queen had breached its contractual obligation to pay for the use of the trademark and instituted suit in the District Court, seeking (a) temporary injunction and permanent injunction to restrain use of the trademark; (b) an accounting to determine the exact amount owing to the owners and judgment for such amount; and (c) an injunction for prevention of Dairy Queen's collection of money from its stores pending the accounting. Dairy Queen in its answer raised the following defenses: (a) denial of its breach of contract, claiming a subsequent oral modification thereof; (b) laches and estoppel; and (c) alleged violations of anti-trust laws relating to the owners' dealing with the trademark. In its answer Dairy Queen demanded a jury trial. This demand was denied by the District Court. Dairy Queen then sought in the Court of Appeals to compel the District Court to vacate its order denying a jury trial. Mandamus was refused, whereupon the Supreme Court granted certiorari.

The Supreme Court in Dairy Queen cast aside the language of the

plaintiff's prayer for relief insofar as the accounting was concerned, finding that the plaintiff was actually seeking damages, either for breach of contract, trademark infringement, or both. Thus the issues were found to be essentially legal. The court then concluded that inasmuch as this part of the controversy was legal in character, a jury was properly demanded and should have been impanelled for determination of the factual questions pertaining to the legal issues. The court re-emphasized its holding in Beacon Theatres, Inc. v. Westover [1] that courts may not undercut the guarantee of right to jury trial by deciding equitable issues prior to trial of legal issues in cases where both legal and equitable issues are involved. It said that by doing so the courts decide the factual questions common to both the legal and equitable issues, violating the right to jury trial. This cannot be done even though the court considers the controversy "essentially equitable" in nature. It must be borne in mind, however, that nowhere in this decision does the Supreme Court categorically require that jury trial of legal issues be granted on demand. The requirement is only that jury trial be had on factual questions involved in legal issues. The trial courts must yet distinguish between questions of fact and questions of law when trying cases involving legal issues.

It can be readily seen why the Shubin case and the instant case were remanded for consideration in the light of Dairy Queen. Both cases, Shubin [2] and the instant case, involve patent infringement claims along with prayers for an accounting. In the Shubin case this relief was sought by counter-claim after the plaintiff had sought declaratory judgment to declare the patent invalid. In our case such relief was sought by plaintiff. Also in both cases demands for jury trial were timely and were stricken because the relief sought and the questions presented were deemed essentially equitable. Also, in the Shubin case, as here, amendments were attempted in order to cast the language of the relief sought as legal, damages only being prayed. In both cases leave to so amend was denied. In the light of Dairy Queen it appears that no necessity existed for amendment in either of these cases if the accounting originally sought was but a claim for damages.

However, in the instant case it is not deemed necessary to more closely examine the relief sought in order to determine whether legal issues are present, for it appears that the plaintiff at the first hearing was not prejudiced by the denial of a jury trial.

This court found that claims 2 and 3 of patent '938 were invalid because the positioning of a rubber sleeve around a shock absorber for the purpose of preventing metal to metal contact with a surrounding spring did not meet the requirements of patentability set forth in Title 35 U.S.C. § 103, and that such an assembly positioned in "sea leg" mounting was lacking in invention. Patentability is a question of law. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Co., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

Moreover, this court found that the particulars of the claims in suit, with respect to the rubber sleeve, were added to the applications in the Patent Office by amendment more than a year after the device embodying these features was on public sale. The court concluded that on the authority of Muncie Gear Works, Inc., et al. v. Outboard Marine & Manufacturing Co., et al., 315 U.S. 759, 62 S.Ct. 865, 86 L.Ed. 1171 and Shu-Conditioner v. Bixby Box Toe, D.C., 185 F.Supp. 662, the claims herein were invalid. The evidence from which the court made these findings following the original trial was undisputed, documentary evidence upon which the plaintiff had relied; i. e., the patents themselves, their File wrappers, and the plaintiff's own sales records. No factual dispute needed resolution for the

1. 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988.

2. 9 Cir., 299 F.2d 47.

court to conclude as a matter of law that the three claims herein were invalid. Alley v. Bessemer Gas Engine Co., 262 F. 94 (C.A.5), 1919; Forster v. Insurance Company of North America, 139 F.2d 875 (C.A.2), 1944.

It follows that there was no prejudice to the plaintiff as a result of the striking of its demand for jury trial. This court in another trial would be obliged, as before, to conclude as a matter of law that claims herein are invalid in view of the undisputed evidence. The motion for reinstatement of plaintiff's demand for jury trial and trial setting should be and is hereby denied. This disposition is believed to be consistent with the mandate of the Court of Appeals. See Leimer v. Woods, 196 F.2d 828 (C.A.8), at page 838.