152 So.2d 827 (1963)
Mr. and Mrs. Robert BROOME
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.
No. 1003.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1963.
*828 Nestor F. Mills, New Orleans, for plaintiffs-appellants.
Porteous & Johnson, Benjamin C. Toledano, New Orleans, for defendant-appellee.
Before McBRIDE, REGAN and YARRUT, JJ.
YARRUT, Judge.
Plaintiffs appeal from a judgment of the City Court dismissing their suit against Defendant to recover $700.00, interest and costs.
The question is whether an insurer, not informed that the automobile it insured against collision damage had been completely destroyed in a collision long before the contract of insurance was effected, is liable to its insured for such damage. The undisputed facts are:
Plaintiffs owned a community automobile, title to which was taken in the name of the wife. Both were gainfully employed. The original policy contract, for collision insurance, between Plaintiffs and Defendant had expired. At 12:00 Noon on the thirtieth day after the policy had expired, the wife called at the office of the Defendant's agent in New Orleans and reinstated the insurance, paying the premium of $60.00.
At 6:00 o'clock A.M. that morning the husband, while traveling on business in the country, had a collision which completely demolished the automobile. Within a short time, an hour or so, he called and spoke to his wife on the telephone, following which she had the 30-day lapsed policy re-instated. Plaintiffs admit these facts, but deny that the husband informed his wife of the collision and destruction of the automobile, both testifying they spoke only about other matters, the husband explaining he did not want to alarm his wife because of her highly nervous temperament.
While it is highly suspicious that the wife was instructed to re-instate the lapsed policy during the telephone conversation between them, which the lower court characterized as "to say the least highly coincidental," the good or bad faith of the wife is not controlling, since the husband's *829 knowledge is imputed to the wife, who was acting as agent of the community when re-instating the policy.
Plaintiffs' contention is that Defendant is liable, even though the automobile was already destroyed when the insurance was effected, as the policy reads:
"The term of the policy shall be from 4-27-61 to 10-27-61, 12:01 A.M. Standard Time at the address of the named insured * * *."
The loss occurred shortly after 12:01 A.M. on 4-27-61 and the policy contract was reinstated and the premium paid about 12:00 Noon on that date, about 12 hours later.
It is contrary to common sense, and sound business for an insurer to knowingly agree to assume a fixed $700.00 liability for a $60.00 premium.
LSA-C.C. Art. 1823, reads:
"Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself."
LSA-C.C. Art. 1833, reads:
"Error in the motive also is shown in the case either of an insurance on property or an annuity on lives. If the property be lost, or the life be at an end, at the time of making the contract, there is no obligation, unless, in the case of the insurance, it be expressly stipulated that the insurer takes the risk of those events, from a period prior to the contract. If the same express stipulation take place in the case of the annuity, it then becomes an insurance, and is valid for the same reason."
In this case the insurer did not expressly assume the risk prior to the contract. Such a stipulation as described in Art. 1833 is not uncommon in marine insurance. In Pendergast v. Globe and Rutgers Fire Insurance Co., 246 N.Y. 396, 159 N.E. 183, the Court stated:
"Ordinarily, contracts of insurance are conditioned upon the existence of the subject of insurance at the time the policies are written. Mead v. Phenix Ins. Co., 158 Mass. 124, 32 N.E. 945. It is otherwise of marine insurance when the policy expressly insures a vessel `lost or not lost'."
The contract of insurance here was without a cause, as defined in LSA-C.C. Art. 1896, reading:
"By the cause of the contract, in this section, is meant the consideration or motive for making it; and a contract is said to be without a cause, whenever the party was in error, supposing that which was his inducement for contracting to exist, when in fact it had never existed, or had ceased to exist before the contract was made."
LSA-R.S. 22:619, subd. B, regarding application for life or health and accident insurance, clearly defines the rule applicable here. This section, inter alia, states: "The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."
An insured, when contracting for the insurance, necessarily represents that the object insured is in existence and has not already suffered the damage insured against.
While Plaintiffs did not ask for the return of the $60.00 premium paid by them, *830 Defendant's counsel, in oral argument, admitted Plaintiffs are entitled to its return.
For the above and foregoing reasons, the judgment of the City Court is amended to allow Plaintiffs to recover $60.00 from Defendant, but otherwise affirmed; Plaintiffs to pay costs in both courts.
Amended and affirmed.