Farmers Insurance Exchange, Plaintiff-Appellee, *v.* Allen S. Ware *et al.*, Defendants-Appellees—(Allen S. Ware *et al.*, Third Party Plaintiff-Appellee, *v.* American Family Insurance Group, Third Party Defendant-Appellant.)

(No. 70-47;

Third District—February 24, 1971.

James S. Dixon, of Peoria, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria, Thomson, Thomson & Mirza, of Bloomington, and Gerald W. Smith, of Pekin, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellee, Farmers Insurance Exchange, instituted this action for declaratory judgment against its insured Allen Ware, Defendant-Appellee, and Robert Meginnes, Defendant-Appellee. The complaint alleged in substance that Ware, the insured, had made a claim against plaintiff under the terms of the uninsured motorist coverage in the policy issued by plaintiff to defendant Ware. The basis of such claim was that Ware had sustained damage as a result of defendant Meginnes's negligent operation of his automobile, Meginnes not being insured at the time. Defendant Ware filed a third party complaint against the third party defendant-appellant, American Family Insurance Group, alleging that such third party defendant had issued an automobile liability policy to Meginnes as insured and that the same was in effect on the date of the event complained of. After full hearing before the court without a jury the court concluded that coverage was afforded by the policy issued by third party defendant, that Meginnes was not an uninsured motorist and therefore the uninsured motorist provisions of plaintiff's policy were inapplicable.

According to the testimony of Edmunds, admittedly the agent of American Family Insurance Group, a six month policy had been issued by American Family to Meginnes which policy expired on March 27, 1967. On that date the policy lapsed for non-payment of the premium for the succeeding period. On June 6, of the same year Meginnes was involved in an automobile mishap with Ware which is the underlying basis of this litigation.

According to Edmunds on June 7, 1967, Meginnes came to his office wanting his insurance to be reinstated and informed him of the incident occurring on the previous day. Meginnes wanted the policy reinstated as of June 5, in order to cover the accident which Edmunds indicated could not be done. In any event an application for reinstatement was completed in which the effective date of the policy was described as June 5, 1967. A check drawn by Mrs. Meginnes also dated June 5, 1967, accompanied the application.

On June 14, 1967, Edmunds received the "deck sheet" or "declaration" executed by his company and forwarded the same, after affixing his

signature thereto, to Meginnes. Such document indicated the effective date of the policy to be June 5, 1967. Thereafter on June 28, 1967, a "corrected deck sheet" was forwarded to Meginnes through Edmunds indicating the effective date of the policy to be June 7, 1967.

It is the theory of appellant, American Family, on this appeal that the issuance of its insurance policy with an effective date of June 5, 1967, was the result of a mutual mistake of fact which conclusion was accepted and approved by its insured Meginnes by the latter's acceptance of and failure to object to the corrected policy issued by appellant.

It is the theory of appellees, Farmers Insurance Exchange and Ware, that the evidence fails to sustain the assertion of mutual mistake but on the contrary shows that the policy was issued with full knowledge of the facts, that no mistake was made unilateral or mutual and that appellant is and ought to be bound by the terms of its contract.

In reaching a decision of this case we have in mind the general rules that an insurance agreement like other contracts depends on the intentions of the parties and that defenses which an insuror may have against its insured are equally available against third parties. Furthermore where an agreement is reduced to writing such as in the case with an insurance policy, there is a presumption that such document represents the intentions of the parties. (*Michigan Mutual Liability Company v. Type and Press Company, et al.*, 62 Ill.App.2d 364, 210 N.E.2d 787.) Although appellant has called our attention to *Carroll v. Preferred Risk Insurance Co.*, 34 Ill.2d 310, 215 N.E.2d 801, the decision in such case is of no application to the case at bar since there is neither claim nor evidence of any fraud, non-disclosure or bad faith.

I.L.P. Insurance, Sec. 359 provides, "An insurance company cannot insist upon a forfeiture of a policy for a cause which was within its knowledge when the policy was issued, it being a general rule that the issuance of the policy by the company constitutes a waiver of a known ground of invalidity, and is equivalent to an assertion that the policy is valid at the time of its delivery, although the facts known to the company would otherwise render it void or voidable". See also *National Union Fire Insurance Co. v. John Spry Lumber Co.*, 235 Ill. 98, 85 N.E. 256 and *Scott v. Bankers Auto Insurance Association* 224, Ill.App. 606, each holding that neither misrepresentation nor mistake were sufficient to invoke the equitable power of reformation where the agent had full knowledge of the facts subsequently relied upon in an endeavor to avoid liability.

Appellant relied principally upon the testimony of Meginnes called as an adverse witness in an effort to prove that the effective date of the policy was a mistake, that it was known to Meginnes, its insured, and accepted and approved by Meginnes. In our view the testimony of Meginnes is

equivocal, has a minimal tendency to support the claims of appellant and falls far short of establishing as a matter of law any mistake either mutual or unilateral.

Because of impaired memory resulting from a service connected injury, Meginnes had no particular recollection of any conversation with Edmunds, the appellant's agent, at or about the time of the events described above on June 6 and June 7, 1967. According to his testimony he included appellant as his insurer in the report he filed with the State under the provisions of the Safety Responsibility Act and thereafter learned that appellant had disclaimed coverage thereby requiring Meginnes to provide other evidence of financial responsibility which he did. The failure of Meginnes to take any affirmative action against appellant after receiving the "corrected" declaration or notice of appellant's disclaimer of coverage is, appellant insists, conclusive evidence of acceptance and approval of appellant's position concerning mutual mistake. As in *Sims v. Illinois National Casualty Company of Springfield,* 43 Ill.App.2d 184, 193 N.E.2d 123, where the company has unequivocally denied coverage, an insured is neither required nor expected to comply with the provisions of the policy. In the case at bar no controlling significance can be attributed to the failure of Meginnes to consider the policy in effect where he had received notice that coverage was denied.

Of far more significance in the case at bar is the testimony of Edmunds, appellant's own agent. He not only admitted that Meginnes had told him of the accident occurring on the previous day and inserted June 5, 1967, in the application as the effective date of the reinstatement, but also indicated that he called his company's home office a few days later advising them of the circumstance. To compound that situation he countersigned the declaration when it was received from the home office and forwarded it to Meginnes. From such testimony it is difficult to infer that any mistake occurred but on the contrary the import of such testimony supports the conclusion that Edmunds, as agent of the company, intended that the reinstatement include coverage for the disclosed incident.

*Michigan Mutual Liability Company v. Type and Press Company, et al, supra,* presents a factual situation strikingly similar to the case at bar and supports our view that reformation of the policy was not warranted and that the trial court's decision was correct.

Finding no error in the judgment of the Circuit Court of Peoria County judgment of said court is affirmed.

Judgment affirmed.

ALLOY, P. J., and Scott, J., concur.