STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Charlotte DAVIE, Connie Jones and Nancy Brandon, Appellees.

No. 86–CA–2530–MR.

Court of Appeals of Kentucky.

Oct. 2, 1987.

Rehearing Denied April 1, 1988.

John A. Gregory, Jr., Murray, for appellant.

Mark L. Ashburn, Paducah, for Charlotte Davie.

Richard H. Lewis, Benton, for Connie Jones.

Thomas B. Russell, Paducah, for Nancy Brandon.

Before HOWARD, McDONALD and WILHOIT, JJ.

HOWARD, Judge.

In this case, the appellant, an insurance company, appeals from a judgment of the Marshall Circuit Court in which a backdated automobile liability insurance policy was found to provide coverage for an accident involving the appellees.

On October 28, 1982, appellee Charlotte Davie was involved in an automobile accident in Marshall County. Appellee Nancy Brandon was the driver of the vehicle with which Davie collided. Connie Jones, the third appellee and a passenger in Brandon's vehicle, brought an action against Davie and Brandon for damages due to personal injuries sustained in the accident. Davie made the appellant, State Farm Mutual Automobile Insurance Company, a party because she claimed a State Farm automobile liability policy covered her at the time of the accident.

Davie reported the accident to her State Farm Insurance Agency in Paducah, Ken-

tucky, the morning of October 28, 1982, the date of the accident. The State Farm Insurance agent was named Tot Walden, but Davie spoke with Walden's employee, Francis Buchanan. In Davie's first conversation with Buchanan that morning, Buchanan told her that a premium was due in order to keep her policy in force. Davie's policy lapsed on September 17, 1982, for nonpayment of premium. Buchanan suggested that Davie or her husband come to the office and pay the premium. Because an accident report had not been filled out at the scene, Buchanan told Davie to come in and complete an accident report.

Later that morning, Davie again called the agency and told Buchanan that one of the girls in the accident was injured. Buchanan told Davie that she did not believe the policy covered the accident. At 11:35 a.m., Davie's husband went to the agency and paid the premium in order to reinstate the policy. According to Davie, her husband paid the premium before the conversation in which she was informed the policy did not cover the accident. Davie also stated her husband was not told the policy would not provide coverage for the accident.

Davie went to the agency the afternoon of October 28, 1982, to fill out an accident report. Buchanan printed "NO" in response to a question on the accident report regarding coverage under any insurance policy. Buchanan stated in her deposition that she felt sure Davie knew when she left the agency she was not covered for the accident.

Davie received a form "6884J Amendatory Endorsement" from State Farm which was countersigned by Tot Walden on November 5, 1982. The purpose of the amendatory endorsement was, in part, to show acceptance of the reinstatement application. The effective date handwritten on the endorsement was October 28, 1982, and the effective time "12:01 A.M." was printed underneath the date. Another form, "6877KK.2 Amendment of Policy Provisions," was also received by Davie. A policy number, different from the one on the initial policy was listed on both forms. The policy itself stated that coverage begins at 12:01 a.m. of the date listed on the declaration page and that date was October 28, 1982.

A pretrial conference was held in which the trial court was asked to reconsider an order overruling motions for summary judgment filed by both Davie and State Farm. On May 8, 1986, the trial court affirmed the prior orders but also ruled that State Farm had no liability under the initial policy.

On September 26, 1986, the trial court again considered motions for summary judgment from State Farm and Davie. The trial court noted that it was unusual for an insurance company to issue a policy covering a previous accident. However, it pointed out that Davie made no attempt to mislead State Farm about when the accident occurred and the agent was fully informed when the application was taken; yet, the express terms of the second policy make it effective at 12:01 a.m. on October 28, 1982. The trial court therefore granted Davie's motion for summary judgment against State Farm.

There is no case law in Kentucky on whether a lapsed policy which was reinstated after an accident had occurred, but the effective date listed on the reinstatement was backdated prior to the date of the accident. However, this issue has been dealt with in other jurisdictions although the facts in some cases vary from the instant case.

State Farm cites *Broome v. State Farm Mutual Automobile Insurance Co.*, 152 So.2d 827 (La.App., 1963), as authority for the position that the act of placing a date on a reinstated policy that precedes the date of an accident does not always obligate an insurer to provide coverage for that accident. However, in *Broome, supra*, the insured called the insurer in the afternoon, 13 days after the policy had lapsed, seeking reinstatement, but the insured failed to report an accident which had occurred six hours before. The Louisiana Court held that the policy was not binding because of the insured's misrepre-

sentation. In the case at bar, there was no such misrepresentation.

In *Couch v. Farmers Insurance Group,* 374 F.Supp. 306 (W.D.Ark., 1974), also cited by State Farm, a premium to reinstate a lapsed policy was given to the insurer by Mr. Couch about 90 minutes after his wife was involved in an accident. Neither the husband nor the insurer knew at the time the policy was reinstated that the accident had occurred. When the insurer was told about the accident, Mr. Couch was told the accident was covered. The Court held that waiver or estoppel did not apply because the insurer did not know of the accident and therefore it was not obligated under the policy. Again, the case at bar differs factually from the cited case.

In *Progressive Casualty Insurance Company v. Ehrhardt,* 69 Md.App. 431, 518 A.2d 151 (1986), the named insured on a motorcycle liability policy had an accident on May 25, 1983, six days after the policy had lapsed for nonpayment of premium. The insured's father paid the overdue premium on May 26, 1983. The evidence showed that the company was apprised twice of the accident shortly after it occurred. However, the company accepted the premium, backdated the policy to May 19, 1983, and accepted additional premiums for six months before cancelling the policy. The Court held that the insurer, by its actions, had waived its right to refuse reinstatement of coverage for the period in which the accident occurred.

The insurance company was also found to be obligated under a lapsed policy in *Farmer's Insurance Exchange v. Ware,* 131 Ill.App.2d 781, 267 N.E.2d 350 (1971). The insured in *Ware, supra,* had an automobile liability policy which lapsed for nonpayment of premium on March 27, 1967. On June 6 of that year, the insured had an accident. The next day, the insured applied with the insurer for reinstatement of the policy and told the agent about the accident. The effective date placed on the policy was June 5, although the insurance agent evidently told the insured the accident was not covered. A "declaration" was sent to the insured stating that the

effective date was June 5, but a corrected declaration was sent later listing the effective date as June 7, 1967. The insurance company sought to avoid liability on the grounds of mistake, but the court noted the agent knew of the accident and had called the company's home office regarding the accident and still backdated the policy. Thus, the court held that no mistake had occurred and that the insurance company was liable.

Another instructive case is *Allen v. Dairyland Insurance Company,* 391 So.2d 109 (Ala., 1980). An automobile insurance policy had lapsed for nonpayment on August 14, 1977. On September 6, 1977, the insured's mother notified the company's agent that the insured had an accident September 4, 1977. The next day, the agent received the premium to reinstate the policy. The agent wrote a letter to the insured that the September 4 accident was not covered under the policy. The court stated that when an accident occurs during the period between lapse of a policy and reinstatement and the insurance company accepts a premium with knowledge of the lapse, an insurance company has three options: (1) return the premium for the lapsed period, (2) keep the premium and apply coverage from the date received forward, or (3) retain the premium and accept the loss. If the second option was chosen, the court required that the intent to apply prospectively must be clearly conveyed to the insured. Because the company had repeatedly and promptly notified the insured that the policy did not cover the September 4 accident, the court held that the requisite intent was shown and absolved the company of liability.

In the case at bar, State Farm claims that it sent Davie a lapse notice which stated that any loss occurring between the lapse and time and the date of reinstatement would not be covered. Davie supplied an affidavit denying that she received any lapse notice. However, as State Farm filed a motion for summary judgment and therefore contends no material facts are in dispute, its position that Davie did receive the lapse notice is difficult to accept. Further, while State Farm might be able to

show the lapse notice was sent, it would be virtually impossible to show it was received by Davie.

The evidence shows that both Davie and her husband were not sufficiently informed that coverage would not apply to the accident at the time he actually paid the premium. Davie also claims that Buchanan only said in the first telephone conversation on October 28, 1982, that she believed Davie was not covered for the accident; but when she went to the agency to fill out the forms the afternoon of October 28, 1982, Buchanan did not mention anything about coverage for the accident. Further, Davie maintains that she did not see the indication of no coverage on the accident report. If Davie was in doubt about whether the policy covered the accident, the policy and the endorsements clearly showed the effective time and date of 12:01 a.m., October 28, 1982, about 8 hours before the accident. State Farm was given all the facts concerning that accident, thus we can only conclude that for some reason it intentionally backdated the policy and provided coverage for the accident, waiving its right not to do so.

The judgment is affirmed.

All concur.